IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

**IN RE**

**DAVID BO HYEON LIM**                          Case No. 09-27116-DWK
                                                Chapter 7 (SAL)

    **Debtor**
_____

**G.E. MONEY BANK,**

    **Movant**

v.                                              Adversary No.

**DAVID BO HYEON LIM**

    **Respondents**
_____

### COMPLAINT OBJECTING TO THE DISCHARGEABILITY OF A DEBT

COMES NOW GE MONEY BANK ("Creditor"), by and through its attorneys, Mark D. Meyer and Rosenberg & Associates, LLC, and for its Complaint Objecting to the Dischargeability of a Debt and pursuant to Bankruptcy Rule 7001, states and alleges the following:

1. That the Debtor has filed a Petition for Relief pursuant to Chapter 7 of Title 11 and said case is currently pending before this Court.

2. That this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157 and 11 U.S.C. § 523(a)(2). This is an action arising in or related to the bankruptcy case. This is a core proceeding.

3. That the Plaintiff issued a HUSQVARNA Consumer Credit Card to the Defendant.

1

4. That the Plaintiff is the holder of an unsecured claim against the Debtor/Defendant arising from charges made on the HUSQVARNA credit card.

5. That on or about June 24, 2009, within 90 days prior to filing bankruptcy, the Defendant made charges for luxury items of $7,257.04 against his HUSQVARNA credit card, namely for the purchase of a HUV4210 EXP utility vehicle. This indebtedness is presumed to be non-dischargeable pursuant to 11 U.S.C. 523(a)(2)(C).

6. That Defendant made the aforementioned charges against his HUSQVARNA credit card at a time when the Defendant was unable to meet his existing financial obligations as they became due.

7. That at the time the Defendant made the charges referred to above, Defendant represented that he had the ability to repay the loan, when in fact the Defendant did not have the ability to repay the loan to Plaintiff.

8. That at the time the Defendant made the charges referred to above, Defendant represented that he had the intent to repay the loan, when in fact the Defendant did not have the intent to repay the loan to Plaintiff.

9. That Defendant made these representations with the intention and purpose of deceiving the Plaintiff and at a time when Defendant was planning to file bankruptcy.

10. That Plaintiff justifiably relied on Defendant's representations and that Plaintiff suffered a loss as a proximate result of these representations.

11. That Defendant made said charges referenced above under false pretenses, false representation or actual fraud, and for that reason the indebtedness to

Plaintiff is non-dischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523(a)(2)(C).

WHEREFORE, Plaintiff respectfully prays an Order of this Court declaring the debt owed to Plaintiff to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523(a)(2)(C); and for this Court to enter a judgment in favor of Plaintiff and against Defendant for $7,257.04, plus interest at the contract rate per annum from and after June 24, 2009, plus costs herein expended including reasonable attorneys' fees determined by this Court, and for such other relief as this Court may deem just and proper under the circumstances.

Respectfully Submitted,

ROSENBERG & ASSOCIATES, LLC

/s/ Mark D. Meyer
Mark D. Meyer, #15070
7910 Woodmont Ave., Suite 750
Bethesda, MD 20814
(301)907-8000

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of November 2009 a copy of the foregoing document was sent by first class mail, postage prepaid, to the following who were not served electronically:

Jeffrey M. Sirody, Debtor's Counsel

George W. Liebmann, Trustee

/s/ Mark D. Meyer
Mark D. Meyer