# EXHIBIT D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE DONG-A ILBO,, | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BO H. LIM a/k/a BO HYUN LIM a/k/a | : | |
| DAVID LIM a/k/a LIM BO a/k/a BO | : | |
| LIM a/k/a BO HI LIM a/k/a BO | : | |
| HYEON LIM, et al | : | |
| Defendants. | : | **NO. 08-2399** |

### O R D E R

AND NOW, this 3rd of November, 2008, upon consideration of correspondence received by counsel, dated October 15, 2008; the Plaintiff's First Amended Verified Complaint (Docket No. 16); and the Motions to Dismiss of Defendants, Kook Jin Lee, et al., Southeast News, Inc., et al., Donga Daily News, et al., David B. Lim and the Korean Daily Tribune, Inc. (Docket Nos. 4 and 15); it is hereby ORDERED that the oral argument scheduled for November 12, 2008 on the Motion of Defendants, Kook Jin Lee, et al.; Southeast News, Inc., et al.; and Donga Daily News, et al. to Dismiss Pursuant to F.R.C.P. No. 12 (Docket No. 4) and the Memorandum of Law in Support of Plaintiff's Opposition to Motion to Dismiss of Defendants Kook Jin Lee and The Korean Southeast News, Inc. (Docket No. 9) is CANCELLED.

It is FURTHER ORDERED that the Motion to Dismiss of Defendants, Kook Jin Lee, et al.; Southeast News, Inc., et al.; and Donga Daily News, et al.(Docket No. 4) and the Motion to Dismiss of Defendants David B. Lim and the Korean Daily Tribune, Inc. (Docket No. 15) are MOOT.

It is FURTHER ORDERED that the parties have up to and including January 2,

2009 to conduct discovery on jurisdictional issues.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

2

# EXHIBIT E

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THE DONG-A ILBO

v.

BO H. LIM a/k/a BO HYUN LIM a/k/a
DAVID LIM a/k/a LIM BO a/k/a BO LIM
a/k/a BO HI LIM a/k/a BO HYEON LIM and
KOOK JIN LEE a/k/a KUK JIN LEE a/k/a
KOOK J. LEE a/k/a KOOKJIN LEE a/k/a
KOO J. LEE a/k/a KOK J. LEE a/k/a KOOK
LEE a/k/a KOOK JUN LEE a/k/a PETER
LEE and THE KOREAN DAILY
TRIBUNE, INC. a/k/a KOREAN DAILY
TRIBUNE, INC. a/k/a DONG-A DAILY
NEWS, PHILADELPHIA, INC. a/k/a
DONG-A DAILY NEWS d/b/a THE
CHOSUN DAILY PHILADELPHIA d/b/a
THE DONG-A DAILY NEWS d/b/a
DONG-A DAILY NEWS, INC. and THE
KOREAN SOUTHEAST NEWS, INC. a/k/a
KOREA SOUTHEAST NEWS a/k/a THE
SOUTHEAST NEWS, INC. d/b/a DONGA
DAILY NEWS LLC d/b/a THE CHOSUN
DAILY NEWS-ATLANTA and STV
NETWORKS, INC.

CIVIL ACTION

NO. 08-cv-2399

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

### I. FACTUAL BACKGROUND

Plaintiff, Dong-A Ilbo, a South Korean Newspaper entered into a contract with

Defendants, David B. Lim and the Korean Daily Tribune, Inc. t/a Dong-A Daily News where

Defendants were permitted to republish the content of Plaintiff's newspaper in various areas of

the United States. A copy of the certified translation of the contract is attached hereto as

Exhibit "B."

M:\MDir\81491\0008\pld-disc\not2dismiss2.wpd

This contract states:

> The abiding law of this agreement shall be under Korean Law and litigation venue would be from Municipal Court of Region where Kap [Dong-A Ilbo] is located.

Dong-A Ilbo stipulates in the contract that it was located at 139 Se Jon Ro, Jung Ro Gu,

Seoul, South Korea. This is also Plaintiff's address as listed on its Civil Action Complaint and

First Amended Complaint. See Exhibit "A."

## II.     LEGAL ARGUMENT

The parties have freely negotiated this private international agreement including the

venue provisions and choice of law. As such, this Honorable Court must give full effect to the

contractual agreement of the parties. See, e.g. The Bremen v. Zapata, 407 U.S. 1, 92 S.Ct.

1907, 32 L.Ed.2d 513 (1972).

Pursuant to the Korean Code of Civil Procedure, parties to an action may choose a

forum by agreement. Specifically, Article 26 of the Code of Civil Procedure states:

> **Article 26 (Agreement in Jurisdiction)** (1) Parties to a suit may decide the first instance jurisdictional court by agreement.
> (2) The agreement referred to in the preceding paragraph shall be valid only if it is made in respect to a suit based on a specific legal relations and is made in writing.

This comports with both Pennsylvania and Federal Law on the issue. Pennsylvania Law on

contractual venue agreements states:

> A court in which venue is proper and which has jurisdiction should decline to proceed with the cause when the parties have freely agreed that litigation shall be conducted in another forum and where such agreement is not unreasonable at the time of litigation.

Central Contracting v. C.E. Youngdahl & Co. Inc., 418 Pa. 122, 209 A.2d 810, 816.

M:\MDir\81491\0008\pld-disc\mot2dismiss2.wpd

The Pennsylvania Supreme Court has reminded us that the party seeking to obviate the agreement has a burden of proof of the unreasonableness of the agreement.

Federal law also repeatedly enforces forum selection clauses. As recognized by the Third Circuit in <u>Central Contracting Company v. Maryland Casualty Company</u>, 367 F.2d 341 (3d.Cir. 1966), the Court must respect the intention of the parties so long as there is no proof that the provisions will put one of the parties to an unreasonable disadvantage or subvert the interests of justice. Forum selection clauses are prima facie enforceable. <u>Bremen, Id.</u>, 407 U.S. at 10.

In the case at hand, enforcement of this privately negotiated agreement between the parties is not unreasonable in any way. There is no way that the Dong-A Ilbo itself, a business located in Seoul, South Korea, can argue that it is unreasonable to litigate this action under Korean Law in Korea where it is located. In fact the opposite is true, the litigation of this contractual agreement under Korean Law in Pennsylvania will impose considerable hardship to the court and parties who will be forced to employ a whole new, unfamiliar set of laws, procedure and language.

M:\MDir\81491\0008\pld-disc\unot2dismiss2.wpd

## III.  CONCLUSION

Plaintiff, the Dong-A Ilbo attempts to assert entitlement of damages for actions arising out of its contractual agreement with Defendants, David B. Lim and Korean Daily Tribune, Inc. It must therefore accept all aspects of its contract, including the venue and choice of law provisions. Defendants, David B. Lim and Korean Daily Tribune, Inc. therefore respectfully request that this Honorable Court dismiss this matter with leave for Plaintiff to re-file in the appropriate location, Seoul, South Korea.

MARGOLIS EDELSTEIN

BY: _____ /JL740

John A. Livingood, Jr., Esquire
Attorney for Defendants, David B. Lim
and Korean Daily Tribune, Inc.
I.D. No. 68996/215-922-1100
The Curtis Center, 170 S. Independence
Mall W., Suite 400E, Phila., PA 19106

M:\MDir\S1491\0008\pld-disc\mot2dismiss2.wpd

# EXHIBIT F

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THE DONG-A ILBO

v.

BO H. LIM a/k/a BO HYUN LIM a/k/a
DAVID LIM a/k/a LIM BO a/k/a BO LIM
a/k/a BO HI LIM a/k/a BO HYEON LIM and
KOOK JIN LEE a/k/a KUK JIN LEE a/k/a
KOOK J. LEE a/k/a KOOKJIN LEE a/k/a
KOO J. LEE a/k/a KOK J. LEE a/k/a KOOK
LEE a/k/a KOOK JUN LEE a/k/a PETER
LEE and THE KOREAN DAILY
TRIBUNE, INC. a/k/a KOREAN DAILY
TRIBUNE, INC. a/k/a DONG-A DAILY
NEWS, PHILADELPHIA, INC. a/k/a
DONG-A DAILY NEWS d/b/a THE
CHOSUN DAILY PHILADELPHIA d/b/a
THE DONG-A DAILY NEWS d/b/a
DONG-A DAILY NEWS, INC. and THE
KOREAN SOUTHEAST NEWS, INC. a/k/a
KOREA SOUTHEAST NEWS a/k/a THE
SOUTHEAST NEWS, INC. d/b/a DONGA
DAILY NEWS LLC d/b/a THE CHOSUN
DAILY NEWS-ATLANTA and STV
NETWORKS, INC.

CIVIL ACTION

NO.  08-cv-2399

## MOTION OF COUNSEL FOR DEFENDANT DAVID LIM
## FOR LEAVE TO WITHDRAW AS COUNSEL

Defendant's Counsel, John A. Livingood, Jr., Esquire and Margolis Edelstein, bring this

Motion for Leave to Withdraw as Counsel to Defendants in the above-captioned matter and in

support thereof aver as follows:

1.      On or about September 8, 2008, Defendant, David B. Lim, on his own behalf

and on the behalf of the Korean Daily Tribune, Inc., incorr. identified as Korean Daily Tribune,

M:\MDir\8149J'\0008\pld-disc\mot2wd-counsel.wpd

Inc. a/k/a Korean Daily Tribute, Inc. a/k/a Dong-A Daily News, Philadelphia, Inc. a/k/a Dong-A Daily News a/k/a The Chosun Daily Philadelphia d/b/a The Dong-A Daily News d/b/a Dong-A Daily News, Inc., entered into an Attorney-Client relationship with the firm of Margolis Edelstein to defend Defendant in the above-captioned matter.

2.      Thereafter, on or about October 15, 2008 Counsel filed a Motion to Dismiss on behalf of the Defendants.

3.      On or about October 22, 2008, Plaintiff filed its First Amended Complaint.

4.      On or about November 6, 2008, moving counsel filed a Motion to Set Aside Default Judgment against Defendant, David Lim.

4.      On or about January 29, 2009, counsel filed a Motion to Dismiss on behalf of the Defendants.

5.      Defendant, David B. Lim has advised Counsel of his intention to file for bankruptcy protection.

6.      Section 362 of the Bankruptcy Code provides that a petition filed under the Bankruptcy Code operates as an automatic stay of "... any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case". 11 U.S.C.§ 362(a)(6).

7.      Therefore, as of the Bankruptcy Petition Date, this litigation will be stayed.

8.      As a result of this stay, Defendants' Counsel will be unable to provide Defendants with further legal services in this litigation.

9.      A copy of this Motion has been served upon Defendants and opposing Counsel on this date via regular mail notifying them of our intent to withdraw as Counsel.

M:\MDir\81491\0008\pld-disc\mot2wd-counsel.wpd

10. Defendant, David Lim, individually and on behalf of Korean Daily Tribune, Inc. does not oppose this Motion.

WHEREFORE, Counsel for the Defendants respectfully requests that this Court enter the proposed Order attached hereto, granting the within Motion for Leave to Withdraw as Counsel to Defendants in this action.

Respectfully submitted,
MARGOLIS EDELSTEIN

BY: _____ /JL740

John A. Livingood, Jr., Esquire
Attorney for Defendants, David B. Lim, incorr.
identified as Bo H. Lim a/k/a Bo Hyun Lim a/k/a
David Lim a/k/a Lim Bo a/k/a Bo Lim a/k/a Bo H.
Lim a/k/a Bo Hyeon Lim and Korean Daily
Tribune, Inc., incorr. identified as Korean Daily
Tribune, Inc. a/k/a Korean Daily Tribune, Inc. a/k/a
Dong-A Daily News, Philadelphia, Inc. a/k/a
Dong-A Daily News a/k/a The Chosun Daily
Philadelphia d/b/a The Dong-A Daily News d/b/a
Dong-A Daily News, Inc.

I.D. No. 68996/Telephone #: 215-931-5868
The Curtis Center, 170 S. Independence Mall W.
Suite 400E, Philadelphia, PA 19106-3337

M:\MDn\81491\0008\pld-disc\mot2wd-counsel.wpd

| | |
|---|---|
| THE DONG-A ILBO | CIVIL ACTION |
| v. | |
| BO H. LIM a/k/a BO HYUN LIM a/k/a DAVID LIM a/k/a LIM BO a/k/a BO LIM a/k/a BO HI LIM a/k/a BO HYEON LIM, et al. | NO.  08-cv-2399 |

## CERTIFICATE OF SERVICE

I, JOHN A. LIVINGOOD, JR., ESQUIRE, do hereby certify that a true and correct copy of Defendants, David Lim and Korean Daily Tribune, Inc.'s Motion to Withdraw as Counsel was sent to counsel below named via United States Mail, postage pre-paid on May 12, 2009:

David J. Averett, Esquire
7719 Castor Avenue
2nd Floor
Philadelphia, PA 19152

Chull Sook Park, Esquire
The Park Law Group, LLC
23 S. Warren Street
2nd Floor
Trenton, NJ 08608

Yung Wang Lee, Esquire
**Law Offices of Young K. Park**
2009 Chestnut Street
Philadelphia, PA 19103

MARGOLIS EDELSTEIN

BY: _____ /JL740
John A. Livingood, Jr., Esquire
Attorney for Defendants,
David B. Lim and Korean Daily Tribune, Inc.

M:\MDir\81491\0008\pld-disc\mot2wd-counsel.wpd

# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE DONG-A ILBO,, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BO H. LIM, et al. | : | |
| Defendants. | : | NO. 08-2399 |

## O R D E R

AND NOW, this 1st of June, 2009, following briefing and a telephone conference on

May 29, 2009,, it is hereby ORDERED that:

1.  The Motion of Counsel for Defendant David Lim for Leave to Withdraw as

    Counsel (Docket No. 33) is DENIED without prejudice;

1.  Defendants Kook Jin Lee, Southeast News, Inc., and Donga Daily News, et al.,

    shall have until June 10, 2009 to supplement their Amended Motion to Dismiss

    Amended Complaint (Docket No. 36) to include record references and a

    memorandum of law; and

2.  Plaintiff and the non-moving defendants shall have until June 24, 2009 to file a

    response to the supplemental Amended Motion to Dismiss filed by Defendants

    Kook Jin Lee, Southeast News, Inc., and Donga Daily News, et al.

BY THE COURT:

/s Gene Pratter

_____

GENE E.K. PRATTER

UNITED STATES DISTRICT JUDGE

# EXHIBIT H

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE DONG-A ILBO,, | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BO H. LIM, et al. | : | |
| Defendants. | : | **NO. 08-2399** |

## O R D E R

AND NOW, this 6th day of July, 2009, following a telephone conference on May 29,

2009, it is hereby ORDERED that the parties shall submit a joint written status report by July 16,

2009, regarding whether any party intends to file or has filed a bankruptcy petition.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

# EXHIBIT I

**THE PARK LAW GROUP, LLC**
Attorneys for Plaintiff The Dong-A Ilbo
Chull S. Park, Esq. (No. 202681)
23 S. Warren Street
2nd Floor
Trenton, New Jersey 08608

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THE DONG-A ILBO,**<br><br>Plaintiff,<br><br>v.<br><br>**BO H. LIM, et al.,**<br><br>Defendants. | Civil Action No. 08-2399 (GP)<br><br><br>**ECF CASE**<br><br>**STATUS REPORT** |

Pursuant to the Court's Order dated July 6, 2009, counsel for Plaintiff, The Dong-A Ilbo, has conferred with all other counsel and submits this status report regarding whether any party intends to file or has filed a bankruptcy petition.

1.    Plaintiff, The Dong-A Ilbo, has not filed and does not intend to file a bankruptcy petition.

2.    According to counsel for Defendant, David B. Lim a/k/a Bo H. Lim ("Defendant Lim"), Defendant Lim intends to file for bankruptcy protection on or about August 16, 2009 and will be involved in the mandated consumer credit counseling.

3.    According to counsel for Defendant, The Korean Daily Tribune, Inc. ("KDT"), all of the assets of KDT were sold to Defendant, STV Networks, Inc. in February or March of 2008.

4.    According to counsel for Defendant, Kook Jin Lee ("Defendant K. Lee"), Defendant K. Lee has not and does not intend to file a bankruptcy petition.

5.    According to counsel for Defendant, The Korean Southeast News, Inc. ("Defendant KSN"), Defendant KSN has not and does not intend to file a bankruptcy petition.

18103_2

6.    According to counsel for Defendant, STV Networks, Inc. ("Defendant STV"), Defendant STV has not and does not intend to file a bankruptcy petition.

Respectfully submitted,

The Park Law Group, LLC
Attorneys for Plaintiff

By: _____
Chull S. Park (No. 202681)

# EXHIBIT J

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE DONG-A ILBO,, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BO H. LIM, et al. | : | |
| Defendants. | : | NO. 08-2399 |

**O R D E R**

AND NOW, this 25th day of August, 2009, upon consideration of Defendants, David B. Lim and

Korean Daily Tribune, Inc.'s Motion to Dismiss (Docket No. 30), it is hereby ORDERED that the Motion

to Dismiss (Docket No. 30) is DENIED without prejudice.[1]

---

[1] A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. Conley v. Gibson, 355
U.S. 41, 45-46 (1957). Although Rule 8 of the Federal Rules of Civil Procedure requires only "a short
and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in
order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Bell
Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (quoting Conley, 355 U.S. at 47), the
plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a
cause of action will not do." Id. (citations omitted). To survive a motion to dismiss, a civil complaint
must allege "factual content [that] allows the court to draw the reasonable inference that the defendant is
liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct.1937, 1949 (2009) (confirming that
Twombly applies to all civil cases). The Court may consider the allegations contained in the complaint,
exhibits attached to the complaint, matters of public record and records of which the Court may take
judicial notice. See Tellabs, Inc. v. Makor Issues & Rts., 127 S. Ct. 2499, 2509 (2007); Pension Benefit
Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).
    Where information beyond the pleadings is cited in support of a 12(b)(6) motion, the Court may
*exclude* documents filed with the Rule 12(b)(6) motion and examine whether the plaintiff states a
legitimate claim based solely on the complaint, or *convert* the motion to dismiss to a motion for summary
judgment and examine appropriate extrinsic materials submitted by the parties. Tripodi v. Coastal
Automation LLC, No. 06-4071, 2007 U.S. Dist. LEXIS 71852, **6-8 (E.D. Pa. Sept. 26, 2007). If the
Court chooses to convert the motion into one for summary judgment, the Court must follow Rule 56(f)
and give the nonmoving party the opportunity to obtain discovery to oppose the motion. Id.
Alternatively, when deciding a motion to dismiss, a court may rely on a document that is integral to or
explicitly relied upon in a complaint, *without* converting the motion to dismiss into one for summary
judgment. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (citations
omitted). "[A] court may consider an undisputedly authentic document that a defendant attaches as an
exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar.
Corp., 998 F.2d at 1196. Conversely, a court need not consider a document attached to a motion to
dismiss if the document is not integral to or explicitly relied upon in the complaint, and if the plaintiff's
claims are not based on the document. See Stanford v. Foamex, L.P., No. 07-4225, 2008 U.S. Dist.
LEXIS 63588, **10-13 (E.D. Pa. Aug. 20, 2008) (denying motion to dismiss in part and granting motion

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

_____

(Cont. . . )

to dismiss in part, and declining to consider the documents attached to motion to dismiss because plaintiff disputed the authenticity of the documents and plaintiff's claims were not based on the documents); Homealert Corp. v. Concert Co., No. 08-912, 2008 U.S. Dist. LEXIS 98533, *9 (W.D. Pa. Dec. 5, 2008) (concluding that the court need not consider the contract attached to motion to dismiss because plaintiff's claim was not based on that contract, but then choosing to convert the motion to dismiss into a Rule 56 motion and give the parties an opportunity to submit further materials); Royal Wine Corp. v. Golan Heights Winder Ltd., 448 F. Supp. 2d 613, 615, n.2 (D.N.J. 2006) (denying a motion to dismiss and declining to consider an alleged agreement attached to the motion because the alleged agreement did not provide the basis for plaintiff's claims, and plaintiff did not attach it to the pleadings); Fosburg v. Lehigh University, No. 98-864, 1999 U.S. Dist. LEXIS 2833, *6 (E.D. Pa. Mar. 4, 1999) (denying motion to dismiss in part and granting motion to dismiss in part, and stating "[t]he remainder of Defendant's exhibits, however, are neither undisputedly authentic nor referenced in Plaintiffs Complaint and thus cannot be considered in deciding this 12(b)(6) motion").

Defendants David B. Lim and Korean Daily Tribune ("KDT") argue that the claims against them should be dismissed because they are not subject to the laws and venue of this Court. Mr. Lim and KDT direct the Court to a forum selection clause contained in a document attached to their motion to dismiss - a document that is *not* attached to, or referenced in, plaintiff's complaint. This document, which Mr. Lim and KDT identify as "the contract between Dong-A Ilbo and Defendants," contains the following provision:

> The abiding law of this agreement shall be under Korean Law and litigation venue would be from Municipal Court of Region where Kap [Dong-A Ilbo] is located.

Mot. to Dismiss at 2; Ex. B (note: the text of the provision set forth in Exhibit B to the motion uses the word "would," whereas the text of the provision set forth in the motion itself uses the word "will"). Relying on this provision, Mr. Lim and KDT argue that Korean Law applies to this case, and the case is only subject to "litigation venue" in South Korea, the site of Dong-A Ilbo's primary offices. See id.

The document identified by Mr. Lim and KDT as "the contract between Dong-A Ilbo and Defendants" is not referenced in plaintiff's complaint, is not integral to plaintiff's complaint, and does not provide a basis for plaintiff's claims. This is apparent because plaintiff did not reference the document in its Complaint and actually *disputes* that the document governs any contracts(s) between the parties. See Resp. to Mot. to Dismiss at 12-14. Moreover, plaintiff identifies a *different* document as the controlling contract between the parties. See id. at 12-14. Accordingly, at this stage of the litigation, the Court need not - and does not - consider the document identified by Mr. Lim and KDT as "the contract between Dong-A Ilbo and Defendants." Mot. to Dismiss at 2. As Mr. Lim and KDT's sole argument for dismissal relies on that document, the Court denies their motion to dismiss. The Court declines to convert the motion into a Rule 56 motion, and does not consider any other documents attached to the parties' briefs. Mr. Lim and KDT will have the opportunity to file Rule 56 motions after discovery has closed.

2