# EXHIBIT O

10/15/2008

10/15/2008

**FLAMM, BOROFF & BACINE, P.C.**
**By:   Walter H. Flamm, Jr./Christie M. Flamm**
**Attorney ID# 16607/204445**
**794 Penllyn Pike**
**Blue Bell, PA  19422**                        **Attorneys for Plaintiff**
**267-419-1500**

---

| | |
|---|---|
| DANIEL KIM<br>721 Bethlehem Pike<br>Glenside, PA 19038<br>      Plaintiff<br>      v.<br><br>STV NETWORKS, INC.<br>1330 Willow Avenue<br>Elkins Park, PA 19027<br>      Defendant. | **COURT OF COMMON PLEAS**<br>**MONTGOMERY COUNTY, PA**<br><br>CIVIL ACTION<br><br>**NO.** |

2008-29321-0000
10/14/2008 3:23:33 PM
Complaint Civil Action
Mark Levy
Montgomery County Prothonotary

---

### COMPLAINT

Plaintiff, Daniel Kim by and through the undersigned counsel brings the following Complaint against Defendant STV Networks, Inc. and avers as follows:

1.    Plaintiff Daniel Kim is an adult individual residing at 721 Bethlehem Pike, Glenside, PA 19038.

2.    Defendant STV Networks, Inc. ("STV Networks") is a Delaware corporation that maintains a place of business at 1330 Willow Avenue, Elkins Park, Pennsylvania 19027.

3.    STV Networks is in the business of newspaper printing and publishing.

4.    This Court has jurisdiction over this matter and venue is proper in this Court because

   a. STV Networks maintains a place of business in Montgomery County; and

10/15/2008

  b. an essential part of the events or omissions giving rise to the claims in this Complaint in Montgomery County.

  5. On or about January 4, 2007, Plaintiff was hired by the Korean Daily Tribune, Inc. ("Korean Daily Tribune") as CEO and president. At that time, Plaintiff entered into an employment agreement with Korean Daily Tribune ("Contract"). A true and correct copy of the Contract is attached hereto as Exhibit "A".

  6. The Korean Daily Tribune maintains its principal place of business at 1330 Willow Avenue, Elkins Park, PA 19027 and is in the business of newspaper publishing and printing.

  7. STV Networks bought Korean Daily Tribune's newspaper operations and is the successor to Korean Daily Tribune.

  8. Under the Contract, Plaintiff is entitled to compensation for his contribution to the growth of the company (hereinafter referred to as "Bonus").

  9. Plaintiff's Contract provides that he is entitled to the Bonus upon either the sale of the company or the termination of Plaintiff's employment with the company. Specifically, the Contract provides:

> If the company is sold while you are employed, or **at the time of the termination or resignation of your employment with the company, you will be entitled to the half (50%) of the company's incremented value from the year of 2006, that is set here to $1.2M.** For instance, if the company's is sold at the price of $2.4 M and the company's at-the-time-of-sold or at-the-time-of-termination-or-resignation annual revenue is $2.4 million, your contribution will be counted as $1.2 M growth of revenue. (emphasis added).

  10. Upon information and belief, the Korean Daily Tribune misrepresented the value of the company to be $1.2 million in the Contract.

10/15/2008

10/15/2008

11.    Among other things, the Korean Daily Tribune concealed from Plaintiff the true extent of its debts and misrepresented its status as a license holder to print Korean language newspapers.

12.    Upon information and belief, the true value of the company at the time Plaintiff was hired was less than $600,000.

13.    In reliance upon the compensation structure provided for in the Contract, including the misrepresentation as to the value of the company, Plaintiff accepted his position with the Korean Daily Tribune.

14.    Plaintiff resigned from the Korean Daily Tribune on or about January 31, 2008.

15.    Upon his resignation, Plaintiff became entitled to the Bonus.

16.    Despite repeated demands by Plaintiff, the Korean Daily Tribune has not paid Plaintiff the Bonus.

17.    Upon information and belief, on or about March 18, 2008, the Korean Daily Tribune was sold to STV Networks for $1.95 million dollars.

18.    The contribution of the Plaintiff to the value of Korean Daily Tribune is the difference between the value of the Company at the time that he was hired – about $600,000.00 – and the value at sale – $1,950,000.00.  Plaintiff is entitled to half of this appreciation, or $675,000.00 as a Bonus.

19.    STV Networks has continued the operations of the Korean Daily Tribune and is the successor to the Korean Daily Tribune.

20.    STV Networks continues to publish Korean language newspapers from the same location and using the same equipment as the Korean Daily Tribune.

10/15/2008

10/15/2008

21.    Much or all of the former employees of the Korean Daily Tribune now work for STV Networks.

22.    David B. Lim, who personally owned, operated and controlled the Korean Daily Tribune, now works for STV Networks.

23.    As successor to the Korean Daily Tribune, STV Networks is liable for the obligations of Korean Daily Tribune, including the liability to Plaintiff.

24.    On June 30, 2008, Daniel Kim, through his attorneys, made demand to STV Networks for payment of the Bonus.

25.    Despite Plaintiff's demands, Defendant has failed and refused to pay Plaintiff the Bonus due pursuant to his employment agreement.

## COUNT I
### Breach of Contract

26.    The allegations of paragraphs 1 through and including 25 are incorporated herein by reference as if fully set forth.

27.    The failure of STV Networks to pay Plaintiff his compensation due pursuant to his employment agreement, constitutes a breach of contract and has caused damages to Plaintiff.

28.    STV Networks is liable to Plaintiff in an amount of 50% of the company's incremental value during the time that Plaintiff was employed with the Korean Daily Tribune, which is in excess of $675,000.

WHEREFORE, Plaintiff demands that judgment be entered in Plaintiff's favor and against Defendant STV Networks in an amount in excess of $675,000, together with interest and an award of costs and attorneys' fees as allowed by law, and such other relief as this Court deems just and proper.

10/15/2008

10/15/2008

## COUNT II
### Pennsylvania Wage Payment and Collection Law

29.     The allegations of paragraphs 1 through and including 28 are incorporated herein by reference as if fully set forth.

30.     At all times relevant hereto Plaintiff was an employee of the Korean Daily Tribune.

31.     The Bonus provided for in Plaintiff's contract with the Korean Daily Tribune is wages under the Pennsylvania Wage Payment and Collection Act ("WPCL").

32.     STV Networks has no good faith contest or dispute, including no good faith assertion to a right of setoff or counterclaim, which would in any way permit it to legally withhold any of the amounts due Plaintiff.

33.     Because of STV Networks' unjustified withholding of compensation due Plaintiff, STV Networks is further required to pay Plaintiff liquidated damages in an amount equal to 25% of the total amount owed pursuant to 43 P.S. §260.10.

34.     Plaintiff is also entitled to receive from STV Networks reasonable attorney's fees incurred in the collection of the compensation due pursuant to 43 P.S. §260.9a.(f).

WHEREFORE, Plaintiff demands judgment in its favor and against Defendant STV Networks in the amount of $850,000, plus interest, costs and attorneys' fees as allowed by the Wage Payment and Collection Act, and such other relief as this Court deems just and proper.

10/15/2008

## COUNT III
### Fraudulent Misrepresentation

35.    The allegations of paragraphs 1 through and including 34 are incorporated herein by reference as if fully set forth.

36.    In Plaintiff's Contract, the Korean Daily Tribune, through its duly authorized agent David B. Lim, represented that the value of the company, as of 2006, was $1.2 Million.

37.    The value of the company as stated in the Contract was a misrepresentation.

38.    The Korean Daily Tribune knew that the misrepresentation regarding the value of the company was false.

39.    The misrepresentation was regarding a material fact.

40.    The misrepresentation was made with intent to deceive Plaintiff and to induce him to accept a lower bonus than he would have become entitled to if the true value of the company had been represented.

41.    Plaintiff relied upon the misrepresentation in deciding to accept the position as CEO and president and in agreeing to a compensation structure which tied his earnings to the performance of the company.

42.    Plaintiff was damaged by the misrepresentation in an amount in excess of $850,000.00.

10/15/2008

10/15/2008

43.    Defendant's conduct entitles Plaintiff to recover punitive damages.

WHEREFORE, Plaintiff demands judgment in his favor and against STV

Networks in the amount of $850,000.00, plus punitive damages, attorneys' fees, costs

and such other relief as this Court deems just and proper.

**FLAMM, BOROFF & BACINE, PC**
794 Penllyn Pike
Blue Bell, PA 19422
Telephone: 267 419 1501
Facsimile:  267 419 1560

BY:    _Christie Flamm_

Walter H. Flamm, Jr.
Christie M. Flamm
Attorneys for Plaintiff

10/15/2008

10/15/2008.

## VERIFICATION

I, Daniel Kim, am the Plaintiff in this matter. I have read the foregoing Complaint and verify that all of the information contained therein is true and correct to the best of my knowledge, information and belief. I make this verification pursuant to the penalties of 18 Pa.C.S.A. §4904 relating to the unsworn falsification to authorities.

Daniel Kim

Date:_____10/14/2008_____

277412 v3

10/15/2008

10/15/2008

# EXHIBIT A

10/15/2008

10/15/2008

Korean Daily Tribune, Inc. 1330 Willow Ave. Elkins Park, PA 19027

January 3rd, 2007

Dear Mr. Daniel Kim:

I am glad to offer you the position of the CEO and president of Korean Daily Tribune, Inc. It is my great pleasure to share our visions and plans that can be realized and grown through the Dong-A media group and through our sincere and heartful service to the community, especially to the Korean community in the greater Delaware Valley.

You will be responsible for running the operation of the Dong-A Media group in USA that includes: Dong-A Ilbo, Philadelphia Korean Christian Broadcast, dongausa.com, kyobousa.com, internet radio/TV, Christian Post, Dong-A Cuture Center and Dong-A Merchandises. You will also be responsible for a nonprofit organization of community center (Namely, Neighborly Center of Philadelphia) when it's established as we spoke.

Your compensation will be initially $4,000 per month with 4 weeks vacation per year. Your performance will be reviewed annually and your salary will be increased proportionally as the company's revenue grows. As we agreed, you will be entitled to 50% of net profit. If the non-profit community center is open or in order to prepare to open it, 50% of net profit will be put into that community center. The half of the remaining 50%, i.e., 25% of net profit will be awarded to you as bonus annually. If the company is sold while you are employed, or at the time of the termination or resignation of your employment with the company, you will be entitled to the half (50%) of the company's incremented value from the year of 2006, that is set here to $1.2 M. For instance, if the company's is sold at the price of $2.4 M and the company's at-the-time-of-sold or at-the-time-of-termination-or-resignation annual revenue is $2.4 M, your contribution will be counted as $1.2 M growth of revenue. Therefore you will be entitled to 50% of $1.2 M. In case the company cannot pay you in cash, you will be given with company equity corresponding to the percentage. For the above situation, your equity position will be 25%. Once you leave the company, you shall not compete against Korea Daily News Tribune and Dong-A media group.

Again, I am glad to have you for our company, and hope this is a beginning of great relationship between us in God, our Lord. I will provide you a full support to realize our mission — the Kingdom of God in the world through Dong-A media group.

Truthfully,

David Bohyeon Lim                    Date
Chairman of the Board
The Korean Daily Tribune, Inc/Donga Media Group
1330 Willow Ave.
Elkins Park, PA 19027

Accepted

Daniel Chunghyun Kim                 Date

# EXHIBIT P

# U.S. Bankruptcy Court
## District of Maryland (Baltimore)
### Bankruptcy Petition #: 09-27116

*Date filed:* 09/11/2009

*Assigned to:* Duncan W. Keir
Chapter 7 **(SAL)**
Voluntary
Asset

| | |
|---|---|
| ***Debtor***<br>**David Bo Hyeon Lim**<br>13135 Hidden Acres Lane<br>Bishopville, MD 21813<br>SSN / ITIN: xxx-xx-7405<br>***fka***<br>**Bo Hyeon Lim**<br>***aka***<br>**David B Lim**<br>***aka***<br>**David H. Bo Lim** | represented by **Jeffrey M. Sirody**<br>Sirody, Freiman & Feldman<br>1777 Reisterstown Road<br>Suite 360 E<br>Baltimore, MD 21208<br>410-415-0445<br>Fax : 410-415-0744<br>Email: smeyers5@hotmail.com |
| ***Trustee***<br>**George W. Liebmann**<br>Liebmann & Shively, P.A.<br>8 W Hamilton Street<br>Baltimore, MD 21201<br>(410) 752-5887<br>Fax : (410) 539-3973<br>Email: gliebmann@lspa.comcastbiz.net | represented by **George W. Liebmann**<br>Liebmann & Shively, P.A.<br>8 W Hamilton Street<br>Baltimore, MD 21201<br>(410) 752-5887<br>Fax : (410) 539-3973<br>Email: gliebmann@lspa.comcastbiz.net |

| Filing Date | # | Docket Text |
|---|---|---|
| 11/13/2009 | <u>36</u> | Notice of Reaffirmation Agreement Hearing (related document(s) <u>18</u> Reaffirmation Agreement and Declaration of Counsel, Between Debtor and Ford Motor Credit Company LLC (Re: 2007 Ford F150, Serial No.:...82782). filed by Creditor Ford Motor Credit Company LLC). Reaffirmation hearing to be held on 12/15/2009 at 10:00 AM at meeting room #104 at 129 East Main St., Salisbury. (Horning, K) (Entered: 11/13/2009) |
| 11/13/2009 | <u>35</u> | Second Notice of Requirement to Complete Course in Financial Management. (admin) (Entered: 11/13/2009) |
| | | Notice of Need to File Proof of Claim Due to Recovery of Assets |

| 11/13/2009 | <u>34</u> | Issued. Proofs of Claims due by 2/11/2010. (Horning, K) (Entered: 11/13/2009) |
| --- | --- | --- |
| 11/12/2009 | <u>33</u> | Application to Employ George W. Liebmann and LIEBMANN & SHIVELY, P.A. as Trustee's Attorney and Verified Statement of Proposed Party Filed by George W. Liebmann. (Attachments: # <u>1</u> Proposed Order Approving Employment of Trustee's Attorney) (Liebmann, George) (Entered: 11/12/2009) |
| 11/12/2009 | <u>32</u> | Trustee's Notice of Assets & Request for Notice to Creditors Filed by George W. Liebmann. (Liebmann, George) (Entered: 11/12/2009) |
| 11/09/2009 | <u>31</u> | Objection to Debtor's Claim of Exemptions in Lawsuit Proceeds on behalf of George W. Liebmann. Notice Served on 11/9/2009, Filed by George W. Liebmann. Responses due by 12/9/2009. (Attachments: # <u>1</u> Proposed Order Sustaining Objection to Exemption in Lawsuit Proceeds) (Liebmann, George) Modified on 11/9/2009 (Horning, K). CORRECTIVE ENTRY-ENHANCED TEXT. (Entered: 11/09/2009) |
| 11/06/2009 | <u>30</u> | BNC Certificate of Mailing - PDF Document. This document shows ONLY the persons noticed by the Clerk by paper mailing. Additional persons noticed by the Clerk by electronic means using CM/ECF ball be viewed by clicking the silver ball NEXT TO THE UNDERLYING PLEADING (related document(s) <u>23</u> Order on Motion to Appear pro hac vice). No. of Notices: 3. Service Date 11/06/2009. (Admin.) (Entered: 11/07/2009) |
| 11/06/2009 | <u>29</u> | BNC Certificate of Mailing - PDF Document. This document shows ONLY the persons noticed by the Clerk by paper mailing. Additional persons noticed by the Clerk by electronic means using CM/ECF ball be viewed by clicking the silver ball NEXT TO THE UNDERLYING PLEADING (related document(s) <u>22</u> Order on Motion to Appear pro hac vice). No. of Notices: 3. Service Date 11/06/2009. (Admin.) (Entered: 11/07/2009) |
| 11/06/2009 | <u>28</u> | Adversary case 09-00775. (62 (Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud)) Complaint by Mark David Meyer, GE Money Bank on behalf of GE Money Bank against David Bo Hyeon Lim. Fee Amount $250. (Meyer, Mark) (Entered: 11/06/2009) |
| 11/06/2009 | 27 | Receipt of filing fee for Amended Schedules(09-27116) [misc,amdscha] ( 26.00). Receipt number 12442929, (U.S. Treasury) (Entered: 11/06/2009) |
| | | Amended Statement of Intent on behalf of David Bo Hyeon Lim |

| | | |
|---|---|---|
| 11/06/2009 | <u>26</u> | Filed by Jeffrey M. Sirody. (Attachments: # <u>1</u> Certificate of Service) (Sirody, Jeffrey) (Entered: 11/06/2009) |
| 11/06/2009 | <u>25</u> | Amended Schedules filed: Schedule A, Schedule C, Schedule H, on Behalf of David Bo Hyeon Lim. Filed by Jeffrey M. Sirody. (Attachments: # <u>1</u> declaration# <u>2</u> Power of Attorney) (Sirody, Jeffrey) (Entered: 11/06/2009) |
| 11/06/2009 | <u>24</u> | Amended Schedules filed: Schedule D, Schedule F, on Behalf of David Bo Hyeon Lim. Fee Amount $26 Filed by Jeffrey M. Sirody. (Attachments: # <u>1</u> Amended Matrix# <u>2</u> declaration# <u>3</u> Certificate of Service) (Sirody, Jeffrey) (Entered: 11/06/2009) |
| 11/04/2009 | | Receipt from District Court. Receipt Number 14637037911, Fee Amount $50 (related document(s) <u>21</u> Motion to Appear pro hac vice filed by Creditor The Dong-A-Ilbo). (Constable, D) (Entered: 11/10/2009) |
| 11/04/2009 | | Receipt from District Court. Receipt Number 14637037911, Fee Amount $50.00 (related document(s) <u>20</u> Motion to Appear pro hac vice filed by Creditor The Dong-A-Ilbo). (Constable, D) (Entered: 11/10/2009) |
| 11/04/2009 | <u>23</u> | Order Granting Motion for Admission Pro Hac Vice (related document(s): <u>21</u> Motion to Appear pro hac vice Hyun Suk Choi as Counsel for Creditor The Dong-A-Ilbo filed by Creditor The Dong-A-Ilbo). (Horning, K) (Entered: 11/04/2009) |
| 11/04/2009 | <u>22</u> | Order Granting Motion for Admission Pro Hac Vice (related document(s): <u>20</u> Motion to Appear pro hac vice Chull S. Park as Counsel for Creditor The Don-A-Ilbo filed by Creditor The Dong-A-Ilbo). (Horning, K) (Entered: 11/04/2009) |
| 11/03/2009 | <u>21</u> | Motion to Appear pro hac vice Hyun Suk Choi as Counsel for Creditor The Dong-A-Ilbo Filed by The Dong-A-Ilbo. (Simms, J.) Modified on 11/3/2009 (Horning, K). CORRECTIVE ENTRY-ENHANCED TEXT. (Entered: 11/03/2009) |
| 11/03/2009 | <u>20</u> | Motion to Appear pro hac vice Chull S. Park as Counsel for Creditor The Don-A-Ilbo Filed by The Dong-A-Ilbo. (Simms, J.) Modified on 11/3/2009 (Horning, K). CORRECTIVE ENTRY-ENHANCED TEXT. (Entered: 11/03/2009) |
| 11/03/2009 | <u>19</u> | Notice of Appearance and Request for Notice on behalf of The Dong-A-Ilbo Filed by J. Stephen Simms. (Simms, J.) (Entered: 11/03/2009) |
| | | |

| | | |
|---|---|---|
| 11/02/2009 | 18 | Reaffirmation Agreement, and Declaration of Counsel, Between Debtor and Ford Motor Credit Company LLC (Re: 2007 Ford F150, Serial No.:...82782). Filed by Michael J. Klima Jr.. (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit # 4 Exhibit # 5 Exhibit) (Klima, Michael) (Entered: 11/02/2009) |
| 10/27/2009 | | The Debtor(s) is/are certified as having complied with all filing requirements of 11 U.S.C. sec. 521(a)(1), with the exception of subparagraph 521(a)(1)(B)(iv), which is not filed with the Court pursuant to Administrative Order 05-04. (Horning, K) (Entered: 10/27/2009) |
| 10/22/2009 | | Meeting of Creditors Held and Disposition Pending (Liebmann, George) (Entered: 10/22/2009) |
| 10/08/2009 | 17 | Receipt of filing fee for Relief from Stay and Notice of Motion (09-27116) [motion,mrlfntc] ( 150.00). Receipt number 12250001, (U.S. Treasury) (Entered: 10/08/2009) |
| 10/08/2009 | 16 | Motion for Relief from Stay and Notice of Motion Re: 611 River Road, Yardley, PA 19067. Fee Amount $150, Notice Served on 10/8/2009, Filed by The Bank of New York Mellon, fka The Bank of New York as Successor in interest to JP Morgan Chase Bank NA as Trustee for Credit Suisse First Boston Mortgage Backed Pass-Through Certificates 2003-21. Objections due by 10/26/2009. Hearing scheduled for 11/17/2009 at 10:00 AM - Room 104, Salisbury. (Attachments: # 1 Exhibit A: Statement of Debt# 2 Exhibit B: Note# 3 Exhibit B-1: Deed of Trust# 4 Notice of Motion) (McNair, Brian) (Entered: 10/08/2009) |
| 09/23/2009 | 15 | Notice of Appearance and Request for Notice Filed by The Bank of New York Mellon, fka The Bank of New York as Successor in interest to JP Morgan Chase Bank NA as Trustee for Credit Suisse First Boston Mortgage Backed Pass-Through Certificates 2003-21. (McNair, Brian) (Entered: 09/23/2009) |
| 09/18/2009 | 14 | Certificate of Credit Counseling on Behalf of David Bo Hyeon Lim Filed by Jeffrey M. Sirody (related document(s) 8 Notice of Deadline for Filing Missing Documents). (Attachments: # 1 Certificate of Service) (Sirody, Jeffrey) (Entered: 09/18/2009) |
| | | BNC Certificate of Mailing - Notice to Debtors of General Responsibilities. This document shows ONLY the persons noticed by the Clerk by paper mailing. Additional persons noticed by the Clerk by electronic means using CM/ECF are viewed by clicking the silver ball NEXT TO THE UNDERLYING PLEADING (related document(s) 7 Meeting of Creditors Chapter 7). No. of Notices: 1. Service Date 09/16/2009. (Admin.) |

| 09/16/2009 | <u>13</u> | (Entered: 09/17/2009) |
|---|---|---|
| 09/16/2009 | <u>12</u> | BNC Certificate of Mailing - Notice of Requirement to Comply with E-Government Act of 2002. This document shows ONLY the persons noticed by the Clerk by paper mailing. Additional persons noticed by the Clerk by electronic means using CM/ECF are viewed by clicking the silver ball NEXT TO THE UNDERLYING PLEADING (related document(s) <u>7</u> Meeting of Creditors Chapter 7). No. of Notices: 37. Service Date 09/16/2009. (Admin.) (Entered: 09/17/2009) |
| 09/16/2009 | <u>11</u> | BNC Certificate of Mailing. This document shows ONLY the persons noticed by the Clerk by paper mailing. Additional persons noticed by the Clerk by electronic means using CM/ECF are viewed by clicking the silver ball NEXT TO THE UNDERLYING PLEADING (related document(s) <u>8</u> Notice of Deadline for Filing Missing Documents). No. of Notices: 1. Service Date 09/16/2009. (Admin.) (Entered: 09/17/2009) |
| 09/16/2009 | <u>10</u> | BNC Certificate of Mailing - Notice of Requirement to Complete Financial Management Course. This document shows ONLY the persons noticed by the Clerk by paper mailing. Additional persons noticed by the Clerk by electronic means using CM/ECF are viewed by clicking the silver ball NEXT TO THE UNDERLYING PLEADING (related document(s) <u>7</u> Meeting of Creditors Chapter 7). No. of Notices: 2. Service Date 09/16/2009. (Admin.) (Entered: 09/17/2009) |
| 09/16/2009 | <u>9</u> | BNC Certificate of Mailing - Meeting of Creditors. This document shows ONLY the persons noticed by the Clerk by paper mailing. Additional persons noticed by the Clerk by electronic means using CM/ECF are viewed by clicking the silver ball NEXT TO THE UNDERLYING PLEADING (related document(s) <u>7</u> Meeting of Creditors Chapter 7). No. of Notices: 35. Service Date 09/16/2009. (Admin.) (Entered: 09/17/2009) |
| 09/14/2009 | <u>8</u> | Notice of Deadline for Filing Missing Documents and Warning of Possible Dismissal. Credit Counseling Certificate Due: 9/28/2009. Incomplete Filings due 9/28/2009 (Horning, K) (Entered: 09/14/2009) |
| 09/11/2009 | <u>7</u> | Meeting of Creditors & Notice of Appointment of Interim Trustee George W. Liebmann with 341(a) meeting to be held on 10/16/2009 at 09:30 AM at meeting room #104 at 129 East Main St., Salisbury. Objections for Discharge due by 12/15/2009. Financial Management Course due by 11/30/2009. (Entered: 09/11/2009) |

| | | |
|---|---|---|
| 09/11/2009 | 6 | Receipt of filing fee for Chapter 7 Voluntary Petition - case upload(09-27116) [caseupld,1027u] ( 299.00). Receipt number 12087100, (U.S. Treasury) (Entered: 09/11/2009) |
| 09/11/2009 | 5 | No Presumption of Abuse. Chapter 7 Statement of Current Monthly Income and Means Test Calculation - Form 22A on Behalf of David Bo Hyeon Lim Filed by Jeffrey M. Sirody. (Sirody, Jeffrey) (Entered: 09/11/2009) |
| 09/11/2009 | 4 | Disclosure of Compensation of Attorney for Debtor Filed by Jeffrey M. Sirody. (Sirody, Jeffrey) (Entered: 09/11/2009) |
| 09/11/2009 | 3 | Statement of Intent on behalf of David Bo Hyeon Lim Filed by Jeffrey M. Sirody. (Sirody, Jeffrey) (Entered: 09/11/2009) |
| 09/11/2009 | 2 | Social Security Number Verification Page on behalf of David Bo Hyeon Lim Filed by Jeffrey M. Sirody. (Sirody, Jeffrey) (Entered: 09/11/2009) |
| 09/11/2009 | 1 | Chapter 7 Voluntary Petition, Schedules A-J & Statement of Financial Affairs Fee Amount $ 299 filed by Jeffrey M. Sirody of Sirody, Freiman & Feldman on behalf of David Bo Hyeon Lim. Section 521(i)(1) Incomplete Filing date: 10/26/2009. (Sirody, Jeffrey) (Entered: 09/11/2009) |

# EXHIBIT Q



**Maryland Department of Assessments and Taxation**
**WORCESTER COUNTY**
**Real Property Data Search** (2007 vw4.3d)

Go Back
View Map
New Search

**Account Identifier:**     District - 05 Account Number - 018943

| Owner Information | | | |
|---|---|---|---|

| **Owner Name:** | LIM DAVID B & <br> JAE O LIM | **Use:** | AGRICULTURAL |
|---|---|---|---|
| | | **Principal Residence:** | NO |
| **Mailing Address:** | 13135 HIDDEN ACRES LN <br> BISHOPVILLE MD 21813-1368 | **Deed Reference:** | 1) SVH/ 4928/ 650 <br> 2) |

| Location & Structure Information | |
|---|---|

| **Premises Address** <br> 13135 HIDDEN ACRES LANE <br> BISHOPVILLE 21813 | **Legal Description** <br> LOT 1 13.40 ACS <br> NR E SIDE MORRIS RD <br> HAROLD GULLY MIN SUB |
|---|---|

| Map | Grid | Parcel | Sub District | Subdivision | Section | Block | Lot | Assessment Area | Plat No: | 139067 |
|---|---|---|---|---|---|---|---|---|---|---|
| 8 | 6 | 150 | | | | | 1 | 1 | Plat Ref: | |

| **Special Tax Areas** | Town <br> Ad Valorem <br> Tax Class |
|---|---|

| Primary Structure Built <br> 2006 | Enclosed Area <br> 924 SF | Property Land Area <br> 13.40 AC | County Use |
|---|---|---|---|
| **Stories** <br> 1 | **Basement** <br> NO | **Type** <br> MOBILE HOME | **Exterior** <br> SIDING |

| Value Information | | | | | |
|---|---|---|---|---|---|
| | **Base Value** | **Value** | **Phase-in Assessments** | | |
| | | As Of <br> 01/01/2007 | As Of <br> 07/01/2009 | As Of <br> 07/01/2010 | PREFERENTIAL LAND VALUE <br> INCLUDED IN LAND VALUE |
| **Land** | 54,650 | 54,650 | | | |
| **Improvements:** | 455,300 | 455,300 | | | |
| **Total:** | 509,950 | 509,950 | 509,950 | NOT AVAIL | |
| **Preferential Land:** | 4,650 | 4,650 | 4,650 | NOT AVAIL | |

| Transfer Information | | | | |
|---|---|---|---|---|
| **Seller:** | KIM, BYUNG K & CHON J KIM | **Date:** | 05/16/2007 | **Price:** $1,300,000 |
| **Type:** | MULT ACCTS ARMS-LENGTH | **Deed1:** | SVH/ 4928/ 650 | **Deed2:** |
| **Seller:** | GULLY HAROLD H & DIANE V | **Date:** | 03/17/2005 | **Price:** $1,090,000 |
| **Type:** | MULT ACCTS ARMS-LENGTH | **Deed1:** | SVH/ 4380/ 738 | **Deed2:** |
| **Seller:** | GULLY HAROLD H & DIANE V | **Date:** | 04/22/1993 | **Price:** $0 |
| **Type:** | UNKNOWN | **Deed1:** | RHO/ 1924/ 287 | **Deed2:** |

| Exemption Information | | | |
|---|---|---|---|
| **Partial Exempt Assessments** | **Class** | 07/01/2009 | 07/01/2010 |
| County | 000 | 0 | 0 |
| State | 000 | 0 | 0 |
| Municipal | 000 | 0 | 0 |

| **Tax Exempt:** | NO | **Special Tax Recapture:** |
|---|---|---|
| **Exempt Class:** | | AGRICULTURAL TRANSFER TAX |



**Maryland Department of Assessments and Taxation**
**WORCESTER COUNTY**
**Real Property Data Search**  (2007 vw4.3d)

Go Back
View Map
New Search

**Account Identifier:**     **District - 05 Account Number - 020077**

| Owner Information | |
|---|---|

| Owner Name: | LIM DAVID B & JAE O LIM | Use: | AGRICULTURAL |
|---|---|---|---|
| Mailing Address: | 13135 HIDDEN ACRES LN<br>BISHOPVILLE MD 21813-1368 | Principal Residence:<br>Deed Reference: | NO<br>1) SVH/ 4928/ 650<br>2) |

| Location & Structure Information | |
|---|---|

| Premises Address | Legal Description |
|---|---|
| HIDDEN ACRES LN<br>BISHOPVILLE 21813 | FARM P-2 6.48 ACS<br>E/SIDE MORRIS RD LDS<br>OF H. GULLY MIN SUBDIV |

| Map | Grid | Parcel | Sub District | Subdivision | Section | Block | Lot | Assessment Area | Plat No: | 155021 |
|---|---|---|---|---|---|---|---|---|---|---|
| 8 | 6 | 150 | | | | | 2 | 1 | Plat Ref: | |

| Special Tax Areas | Town<br>Ad Valorem<br>Tax Class |
|---|---|

| Primary Structure Built | Enclosed Area | Property Land Area | County Use |
|---|---|---|---|
| 1981 | 700 SF | 6.48 AC | 000000 |

| Stories | Basement | Type | Exterior |
|---|---|---|---|
| 1 | NO | MOBILE HOME | SIDING |

| Value Information | |
|---|---|

| | Base Value | Value | Phase-in Assessments | | |
|---|---|---|---|---|---|
| | | As Of<br>01/01/2007 | As Of<br>07/01/2009 | As Of<br>07/01/2010 | PREFERENTIAL LAND VALUE<br>INCLUDED IN LAND VALUE |
| Land | 46,190 | 46,190 | | | |
| Improvements: | 93,360 | 93,360 | | | |
| Total: | 139,550 | 139,550 | 139,550 | NOT AVAIL | |
| Preferential Land: | 1,190 | 1,190 | 1,190 | NOT AVAIL | |

| Transfer Information | |
|---|---|

| Seller: | KIM, BYUNG K & CHON J KIM | Date: | 05/16/2007 | Price: | $1,300,000 |
|---|---|---|---|---|---|
| Type: | MULT ACCTS ARMS-LENGTH | Deed1: SVH/ 4928/ 650 | | Deed2: | |
| Seller: | GULLY, HAROLD H. & DIANE V. | Date: | 03/17/2005 | Price: | $1,090,000 |
| Type: | MULT ACCTS ARMS-LENGTH | Deed1: SVH/ 4380/ 738 | | Deed2: | |
| Seller: | | Date: | | Price: | |
| Type: | | Deed1: | | Deed2: | |

| Exemption Information | |
|---|---|

| Partial Exempt Assessments | Class | 07/01/2009 | 07/01/2010 |
|---|---|---|---|
| County | 000 | 0 | 0 |
| State | 000 | 0 | 0 |
| Municipal | 000 | 0 | 0 |

| Tax Exempt: | NO | Special Tax Recapture: |
|---|---|---|
| Exempt Class: | | AGRICULTURAL TRANSFER TAX |

# EXHIBIT R

Order Number: MD09-0126-OR  - Institutional PMM

Search Date: 11/04/2009              Effective Date: 10/29/2009

## Customer Information

Customer Name:  DAVID B AND JAE O LIM
Property Address: 13135 HIDDEN ACRES LANE, BISHOPVILLE, MD 21813
County:              WORCESTER

## Deed Information

Grantee:      DAVID B. LIM AND JAE O. LIM, TENANTS BY THE ENTIRETIES
Grantor:      BYUNG K. KIM AND CHON J. KIM
Dated:        04/26/2007
Recorded:    05/16/2007
Book:      4928       Page: 650      Clerk's File Year: 2007       No:
Comments: FEE SIMPLE DEED FOR THE CONSIDERATION OF $1,300,000.00.

Legal Description: See Attached Exhibit "A"

## Tax Information

Tax Year:
Taxing Authority:
Gross Amount:
Tax ID:          05018943
Status:

Comments: PID # 05018943 2008/2009 TAXES ARE PAID.

          COUNTY OF WORCESTER 2009/2010 TAX AMOUNT OF ID #05018943 PAID IN FULL
          IN THE AMOUNT OF $4135.09

## Assessment Information

 Land: $54,650.00      Building/Improvements: $455,300.00      Assessed Value: $509,950.00

## Tax Information

Tax Year:
Taxing Authority:
Gross Amount:
Tax ID:          05020077
Status:

Comments: PID# 05020077 2008/2009 TAXES ARE PAID.

          COUNTY OF WORCESTER 2009/2010 TAX AMOUNT OF ID# 05020077 PAID IN FULL
          IN THE AMOUNT OF $1,153.38

## Assessment Information

 Land: $46,190.00      Building/Improvements: $93,360.00      Assessed Value: $139,550.00

## Mortgage Information

| | |
|---|---|
| Mortgagee: | MIDATLANTIC FARM CREDIT, ACA |
| Mortgagor: | DAVID B LIM AND JAE OK LIM |
| Amount: | $975,000.00 |
| Trustee: | SEE DOT |
| Dated: | 04/25/2007 |
| Recorded: | 05/16/2007 |
| Open Ended: | NO |
| Book: | 4928      Page: 656      Clerk's File Year: 2007      No: |
| Assigned to: | Recorded: |
| Book: | Page:      Clerk's File Year:      No: |
| Maturity Date: | |
| Comments: | |

| | |
|---|---|
| Mortgagee: | MIDATLANTIC FARM CREDIT, ACA |
| Mortgagor: | DAVID B LIM AND JAE O LIM |
| Amount: | $100,000.00 |
| Trustee: | SEE DOT |
| Dated: | 10/15/2008 |
| Recorded: | 10/22/2008 |
| Open Ended: | NO |
| Book: | 5163      Page: 1      Clerk's File Year: 2008      No: |
| Assigned to: | Recorded: |
| Book: | Page:      Clerk's File Year:      No: |
| Maturity Date: | |
| Comments: | FULL LEGAL DESCRIPTION NOT RECORDED WITH INSTRUMENT |

| | |
|---|---|
| Mortgagee: | MIDATLANTIC FARM CREDIT, ACA |
| Mortgagor: | DAVID B LIM AND JAE O LIM |
| Amount: | $115,000.00 |
| Trustee: | SEE DOT |
| Dated: | 04/20/2009 |
| Recorded: | 04/22/2009 |
| Open Ended: | NO |
| Book: | 5242      Page: 469      Clerk's File Year: 2009      No: |
| Assigned to: | Recorded: |
| Book: | Page:      Clerk's File Year:      No: |
| Maturity Date: | |
| Comments: | |

## Judgment and Lien Information

ONLY THE CIRCUIT AND DISTRICT COURTS ARE SEARCHED IN THE COUNTY WHERE THE SUBJECT PROPERTY IS LOCATED, U.S. DISTRICT COURTS HAVE NOT BEEN SEARCHED.

THE FOLLOWING NAMES WERE SEARCHED IN THE CIRCUIT AND DISTRICT COURTS OF THE COUNTY IN WHICH THE SUBJECT PROPERTY IS LOCATED: DAVID B LIM, DAVID LIM DAVE LIM, JAE LIM NO CASES FOUND

| | |
|---|---|
| Comments: | FINANCING STATEMENTS RECORDED AT 4924/248 & 5164/671 |
| Mortgage Signature Requirements: | N/A |

---

## **EXHIBIT A (Legal Description)**

**SEE CURRENT DEED.**

**Tax ID: 05018943,05020077**

# EXHIBIT S

## ARTICLES OF INCORPORATION FOR A CLOSE CORPORATION

**FIRST:** The Undersigned  DAVID B. LIM

whose address is   13135 HIDDEN ACRES LANE, BISHOPVILLE, MD  21813
being at least eighteen years of age, do(es) hereby form a corporation under the laws of the State
of Maryland. The corporation shall be a close corporation.

**SECOND:** The name of the corporation is    JACOBS FARM, INC

**THIRD:** The purpose(s) for which the corporation is formed is/are as follows:

TO OPERATE FARMS AND ANY RELATED BUSINESSES

**FOURTH:** The street address of the principal office of the corporation in Maryland is

13135 HIDDEN ACRES LANE, BISHOPVILLE, MD  21813

**FIFTH:** The name and address of the resident agent of the corporation in Maryland is

DAVID B. LIM

13135 HIDDEN ACRES LANE, BISHOPVILLE, MD  21813

**SIXTH:** The corporation has authority to issue 1.000  shares at $ NO   par value per
share.

**SEVENTH:** The corporation elects to have no board of directors. Until this election takes effect

DAVID B. LIM  will be the director.

**EIGHTH:**
IN WITNESS WHEREOF, I have signed
these articles and acknowledge the
same to be my act.
*Signature(s) of Incorporator(s):*

**NINTH:**
I hereby consent to my designation in
this document as resident agent for
this corporation.
*Signature of Resident Agent* listed in FIFTH:

Filing party's return address:
KIM & ASSOCIATES, PA

525 NAYLOR STREET

SALISBURY, MD  21804

CUST ID:0001954053
WORK ORDER:0001397091
DATE:04-24-2007 02:50 PM
AMT. PAID:$170.00

# EXHIBIT T

# HUV4210E XP®



**P** The Compact HUV is a heavy-duty multi-purpose utility vehicle. This HUV is ideal for estate owners, nurseries, gardening, farming, landscaping and many other small business needs. Easy to drive, durable, and powerful, this utility vehicle is the perfect fit for all of your needs. The XP® upgrade model includes brush guards, lockable glove box, nerf bars, differential guard, 12-volt dc outlet and wheel covers.

*48 V, 2-Wheel Drive*

from
## $ 5,949.95
**Manufacturer's Suggested Retail Price***

*Engine power values are as rated by the engine manufacturer.*

# EXHIBIT U

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### Baltimore Division

IN RE

**DAVID BO HYEON LIM**                            **Case No. 09-27116-DWK**
                                                 **Chapter 7 (SAL)**

    **Debtor**

_____

**G.E. MONEY BANK,**

    **Movant**

v.                                               **Adversary No.**

**DAVID BO HYEON LIM**

    **Respondents**

_____

### COMPLAINT OBJECTING TO THE DISCHARGEABILITY OF A DEBT

COMES NOW GE MONEY BANK ("Creditor"), by and through its attorneys, Mark D. Meyer and Rosenberg & Associates, LLC, and for its Complaint Objecting to the Dischargeability of a Debt and pursuant to Bankruptcy Rule 7001, states and alleges the following:

1.    That the Debtor has filed a Petition for Relief pursuant to Chapter 7 of Title 11 and said case is currently pending before this Court.

2.    That this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157 and 11 U.S.C. § 523(a)(2). This is an action arising in or related to the bankruptcy case. This is a core proceeding.

3.    That the Plaintiff issued a HUSQVARNA Consumer Credit Card to the Defendant.

1

4.     That the Plaintiff is the holder of an unsecured claim against the Debtor/Defendant arising from charges made on the HUSQVARNA credit card.

5.     That on or about June 24, 2009, within 90 days prior to filing bankruptcy, the Defendant made charges for luxury items of $7,257.04 against his HUSQVARNA credit card, namely for the purchase of a HUV4210 EXP utility vehicle. This indebtedness is presumed to be non-dischargeable pursuant to 11 U.S.C. 523(a)(2)(C).

6.     That Defendant made the aforementioned charges against his HUSQVARNA credit card at a time when the Defendant was unable to meet his existing financial obligations as they became due.

7.     That at the time the Defendant made the charges referred to above, Defendant represented that he had the ability to repay the loan, when in fact the Defendant did not have the ability to repay the loan to Plaintiff.

8.     That at the time the Defendant made the charges referred to above, Defendant represented that he had the intent to repay the loan, when in fact the Defendant did not have the intent to repay the loan to Plaintiff.

9.     That Defendant made these representations with the intention and purpose of deceiving the Plaintiff and at a time when Defendant was planning to file bankruptcy.

10.    That Plaintiff justifiably relied on Defendant's representations and that Plaintiff suffered a loss as a proximate result of these representations.

11.    That Defendant made said charges referenced above under false pretenses, false representation or actual fraud, and for that reason the indebtedness to

2

Plaintiff is non-dischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523(a)(2)(C).

WHEREFORE, Plaintiff respectfully prays an Order of this Court declaring the debt owed to Plaintiff to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523(a)(2)(C); and for this Court to enter a judgment in favor of Plaintiff and against Defendant for $7,257.04, plus interest at the contract rate per annum from and after June 24, 2009, plus costs herein expended including reasonable attorneys' fees determined by this Court, and for such other relief as this Court may deem just and proper under the circumstances.

Respectfully Submitted,

ROSENBERG & ASSOCIATES, LLC

/s/ Mark D. Meyer
Mark D. Meyer, #15070
7910 Woodmont Ave., Suite 750
Bethesda, MD 20814
(301)907-8000

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of November 2009 a copy of the foregoing document was sent by first class mail, postage prepaid, to the following who were not served electronically:

Jeffrey M. Sirody, Debtor's Counsel

George W. Liebmann, Trustee

/s/ Mark D. Meyer
Mark D. Meyer

3