IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

IN RE: * CASE NO.: 09-27116
    DAVID BO HYEON LIM *
    aka BO HYEON LIM, * CHAPTER 7
                    *
        DEBTOR. *
\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

THE DONG-A ILBO,

      MOVANT,
v.

DAVID BO HYEON LIM
aka BO HYEON LIM,

and

GEORGE W. LIEBMANN, TRUSTEE

      RESPONDENTS.
\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### DEBTOR, DAVID BO HYEON LIM'S MEMORANDUM OF LAW IN RESPONSE TO CREDITOR, DONG-A ILBO'S MOTION TO DISMISS

INTRODUCTION

On September 11, 2009, David Bo Hyeon Lim filed a voluntary petition in the Bankruptcy Court for the District of Maryland seeking relief under Chapter 7.  Thereafter, on November 16, 2009, Movant and principal creditor, Dong-A Ilbo moved to dismiss this case under 11 U.S.C.§ 707(a), alleging *inter alia*, that the petition was brought in bad faith. While it is debatable whether an action can even be brought by the creditor under said Section, the Debtor will address the issue as to whether the Debtor's bankruptcy petition was designed to frustrate one unsecured creditor, Dong-A Ilbo, in violation of 11 U.S.C.§ 707(a).  Pursuant to an Order of this Court entered on November 24, 2009, the Debtor herein responds to the Motion.

PRELIMINARY STATEMENT

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and § 157. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

STATEMENT OF THE CASE

The instant bankruptcy case arises in part as a result of a presently stayed civil matter before the United States District Court for the Eastern District of Pennsylvania (the "EDPA matter"). The Plaintiff in the EDPA matter, The Dong-A Ilbo is one of three major South Korean media conglomerates which permitted the Debtor to publish certain protected material by agreement. The Defendant therein, the Debtor, operated a company in the Philadelphia, Pennsylvania area known as the Korean Daily Tribune, Inc. d/b/a Dong-A Daily News. When the parties' business relationship dissolved, Dong-A Ilbo initiated the EDPA litigation which involved complex, highly technical issues, and alleged *inter alia*, unauthorized use of intellectual property, trademark violations and copyright infringement. Shortly before the EDPA matter ensued, the Debtor's health deteriorated, and he continues to on-go medical treatment. This has substantially impaired his ability to maintain a demanding corporate work schedule. Consequently, the Debtor's filing of this Chapter 7 case was not made to avoid the repayment of a speculative liability for which he may have become obligated as a result of the EDPA litigation. Rather, facing mounting financial and physical adversities, the Debtor sought the safe-harbor of the Bankruptcy Code endeavoring a fresh start to which he is entitled.

QUESTIONS PRESENTED

This case presents the following questions: (1) does the filing of a Chapter 7 bankruptcy petition subsequent to an adverse ruling in a civil litigation matter, but prior to the conclusion of the civil case, with potential damages which would render the debtor insolvent constitute "cause" to dismiss the case pursuant to 11 U.S.C. §707 (a); and, (2) does a debtor's failure to schedule certain interests and property on the original petition rise to the level of "bad faith" required for the court to impose the harsh punishment of dismissal of the Chapter 7 case?

## ARGUMENT

Section 707(a) of the Bankruptcy Code provides that:

> "The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including-(1) unreasonable delay by the debtor that is prejudicial to creditors;(2) nonpayment of any fees and charges required under chapter 123 of title 28; and (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) section 521, but only on a motion by the United States trustee."

Movant argues that the Court is not limited by the provisions of this statute and urges the Court to consider "good faith" as basis for dismissal of the Debtor's petition.

While "Chapter 7 of the Bankruptcy Code does not explicitly make good faith a requirement for voluntary liquidation petitions...good faith has evolved as a threshold requirement in all bankruptcy cases...and is a valid basis of decision in a 'for cause' dismissal by a bankruptcy court." *In re Zick*, 931 F.2d 1124 (6th Cir.1991) quoting, *In re Markizer*, 66 B.R. 1014 (Bankr.S.D.Fla.1986). In fact, "a debtor's bad faith acts or omissions may, in the totality of the circumstances, constitute cause for dismissal." *Zick* at 1127.

In the Fourth Circuit, a bright-line rule establishing a test for finding lack of good faith under the limited provisions Section 707(a) has not yet been articulated. However, the "totality of the circumstances" approach, which has been adopted by the Fourth Circuit, includes a good faith

determination along with other "factors such as:

> (1) Whether the bankruptcy petition was filed because of sudden illness, calamity, disability, or unemployment;
>
> (2) Whether the debtor incurred cash advances and made consumer purchases far in excess of his ability to repay;
>
> (3) Whether the debtor's proposed family budget is excessive or unreasonable;
>
> (4) Whether the debtor's schedules and statement of current income and expenses reasonably and accurately reflect the true financial condition; and
>
> (5) Whether the petition was filed in good faith."

*Green v. Staples* (*In re Green*), 934 F.2d 568 (4th Cir.1991).

Using this analysis, the first factor is whether the chapter 7 petition was filed due to sudden illness, calamity, disability or unemployment. In the instant case, the Debtor has been suffering from significant health issues since 2006 when he underwent heart surgery. As a consequence of the surgery and accompanying medications, the Debtor substantially limited his corporate work schedule and commensurate demanding obligations. In an effort to mitigate his inability to maintain his pre-surgery work schedule, the Debtor hired another person to assist with his corporate duties shortly before the EDPA matter arose.

Moreover, the Debtor faced sudden calamity shortly before this Chapter 7 petition was filed by being thrust into acrimonious litigation by a foreign media conglomerate. This is quite literally a 'David versus Goliath' battle as the Movant, Dong-A Ilbo, represents one of the three major media conglomerates in South Korea. The Movant possesses significant resources to litigate this case without regard to the merits, or hope of any recovery.

The second factor is whether the debtor incurred cash advances and made consumer

purchases prior to filing which exceed his or her ability to repay. Although the Debtor did purchase a vehicle for use on the poultry farm in advance of the filing; the Debtor is not seeking to discharge the obligation on this debt. Instead, the matter was resolved via Consent in the Adversary Case styled, *GE Money Bank v. David Bo Hyeon Lim*, Case No.09-00775.

The third factor is whether the debtor's proposed family budget is excessive or unreasonable. The Debtor's schedules accurately reflect a current income that does not enable him to pay his creditors in any significant matter.

The fourth factor is whether the debtor's schedules and statement of current income and expenses reasonably and accurately reflect the debtor's true financial condition. Here, while the original statement of financial affairs did not appropriately disclose the nature of the Debtor's interest in Jacob's Farm, Inc., the non-disclosure was due to a misunderstanding on the part of the Debtor as to the nature and extent of his corporate interest. An Amended Schedule of Financial Affairs is being filed contemporaneously with this Memorandum. Even as initially filed, the Schedules and Statement of Financial Affairs reasonably and accurately reflect the true financial condition as the heretofore undisclosed prior interest in the farm has arguably a *de minimis* value to the estate.

The fifth factor, good faith, has been interpreted among the Circuits as one that "should be confined carefully, and is generally utilized only in those egregious cases that entail concealed or misrepresented assets and/or sources of income, and excessive and continued expenditures lavish lifestyle, and intention to avoid one large single debt based on conduct akin to fraud, misconduct, or gross negligence." *In re Zick*, 931 F.2d 1124 (6th Cir.1991).

While it appears that the Sixth Circuit required all of these factors in *Zick*, only one factor can be debated in this case. While the debtor did not accurately disclose his assets initially, the failure to disclose was not a deliberate attempt to conceal assets. In the instant case, Movant avers that

Debtor's failure to schedule certain marital assets on his initial petition constitutes cause for dismissal of his Chapter 7 petition. Debtor admits that at the time his petition was filed he omitted scheduling certain marital assets, including real property which he owns as tenants by the entireties with his spouse, a non-filing debtor; and his previous interest in a poultry farm, currently owned and managed by his spouse. As to the issues of excessive and continued expenditures and lavish lifestyle, the Debtor resides in a trailer, on a chicken farm, which can hardly be considered the lap of luxury.

Finally, while there is the large possible debt to the Dong-A Ilbo, it is based upon a business dispute and not fraud, misconduct or gross negligence.

## CONCLUSION

While the Debtor may have unintentionally omitted certain information concerning the nature of his interests in certain assets, their omission has been rectified and it is debatable whether the omissions prejudiced the creditors of the estate. Bankruptcy is created both for the benefit of the debtor and ALL of his creditors as articulated by the Trustee in his opposition. Allowing this bankruptcy to proceed will ultimately not only be to the benefit of the debtor, but to all of his creditors and not solely to the Dong-A Ilbo.

Date: December 14, 2009                                    Respectfully submitted,

_____/s/_____
Jeffrey M. Sirody, Esquire
Sirody, Freiman & Feldman, P.C.
1777 Reisterstown Road, Suite 360E
Baltimore, MD 21208
(410) 415-0445

Attorney for Debtor/Respondent

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this the 14th day of December 2009, a copy of the foregoing Debtor, David Bo Hyeon Lim's Memorandum of Law in Response to Creditor Dong-A Ilbo's Motion to Dismiss, was served either by first class, postage prepaid mail or electronically through the ECF system to the following:

| | |
|---|---|
| Hung Suk Choi, Esquire | George W. Liebmann, Esquire |
| The Park Law Group, LLC | Chapter 7 Trustee |
| 23 S. Warren Street | Liebmann & Shively, P.A. |
| Trenton, New Jersey 08608 | 8 West Hamilton Street |
| *Admitted pro hac vice* | Baltimore, MD |
| | |
| J. Stephen Simms, Esquire | United States Trustee |
| Simms Showers LLP | Garmatz Federal Courthouse |
| 20 South Charles Street, Suite 702 | 101 W. Lombard Street |
| Baltimore, MD 21201 | Baltimore, MD |

                                                ____/s/_____
                                                Jeffrey M. Sirody, Esquire