**SO ORDERED**



DUNCAN W. KEIR
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | | |
|---|---|---|
| In re: | * | |
| DAVID BO HYEON LIM | * | Case No.   09-27116DK |
| | * | Chapter   7 |
| | * | |
| | * | |
| Debtor | * | |

### ORDER DECLINING TO APPROVE REAFFIRMATION AGREEMENT AND FINDING AND CONCLUDING THAT
### <u>SECTIONS 362(h), 521(a)(6) AND 521(d) DO NOT APPLY</u>

Before the Court for approval is Debtor's Reaffirmation Agreement (Dkt. No. 18) with Ford Motor Credit Company LLC (hereafter "Lender"), according to which Debtor seeks to reaffirm a debt secured by a vehicle.  At a hearing held on 12/17/09, the Court ruled from the bench that it would disapprove the Reaffirmation Agreement since it imposed an undue hardship on the Debtor.  For the reasons stated on the record, pursuant to *In re Chim*, 381 B.R. 191 (Bankr. D. Md. 2008), it is, by the United States Bankruptcy Court for the District of Maryland, hereby

ORDERED, that the Reaffirmation Agreement entered into between the Debtor and Lender filed with the Court on 11/2/09 is hereby disapproved; and it is further

ORDERED, that the Debtor has complied with the requirements of 11 U.S.C. § 521(a)(2) by timely stating his/her intention to reaffirm the loan and by timely entering into the Reaffirmation

Agreement with the Lender; and it is further

ORDERED, that the provisions of 11 U.S.C. § 362(h), 521(a)(6) and 521(d) do not apply, the vehicle remains property of the estate, the automatic stay remains in place with respect to the vehicle until such time as the stay terminates under 11 U.S.C. § 362(c) or (d), the Debtor is not obligated to turn over possession of the vehicle to the Lender, and the Lender may not exercise remedies as a result of default under any ipso facto clause contained in the loan agreement.

cc: Debtor
    Debtor's Attorney - Jeffrey M. Sirody, Esq.
    Trustee
    Reaffirmation Agreement Creditor - Ford Motor Credit Company LLC

**End of Order**