IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

In re  
David Bo Hyeon Lim  
Debtor

Bankruptcy No.:  
09-27116-DWK  
Chapter 7

\*  \*  \*  \*

W. Clarkson McDow, Jr.,  
United States Trustee, Region Four  
   Plaintiff

v.                                                                                    Adversary No. 10-_____

David Bo Hyeon Lim  
   Defendant

COMPLAINT OBJECTING TO DISCHARGE  
(11 U.S.C. SEC.727(a))

W. Clarkson McDow, Jr., United States Trustee for Region Four, hereby complains to deny the discharge of David Bo Hyeon Lim, pursuant to 11 U.S.C. Sec.727.

COUNT ONE  
(11 U.S.C. Sec.727(a)(4))  
(False Oath)

1. Plaintiff is the U.S.Trustee for Region Four, with standing to bring the present complaint, under 28 U.S.C. Sec.586, 11 U.S.C. Secs.307 and 727.

2. Defendant is the Debtor.  Debtor filed a chapter 7 petition on September 11,  2009.

3. This is a core proceeding under 28 U.S.C. Sec.157(b)(2)(J).

4. Debtor executed a Statement of Financial Affairs and Schedules on September 11, 2009 (Document 1) which he signed under penalty of perjury.

5. Schedule A lists interest in only one piece of real property, a single-family home at 611 River Road, Yardley PA, owned as a joint tenant.

6. On November 6, 2009, a date subsequent to the meeting of creditors on October 16, 2009, Debtor filed Amended Schedule A, signed under penalty of perjury. (Document 25).

7. The amended Schedule A lists for the first time an interest in the aptly-named 13135 Hidden Acres Lane, Bishopville MD, claimed to be owned jointly as tenants by the entireties with debtor's spouse.

8. The original schedules contain a false oath made knowingly and fraudulently with respect to 13135 Hidden Acres Lane, Bishopville MD.

Whereupon the discharge of the debtor should be denied.

COUNT TWO
(11 U.S.C. Sec. 727(a)(4))
(False Oath)

9. Plaintiff hereby incorporates by reference herein the factual allegations made in Count One, supra.

10. Debtor's Original and Amended Schedules, filed under penalty of perjury, failed to disclose ownership of an interest in Jacobs Farm, Inc., a poultry operation active at 13135 Hidden Acres Lane, Bishopville MD.

11. At his meeting of creditors on October 16, 2009 in Salisbury, in response to questioning from the trustee, Debtor swore under oath that he had no interest in Jacobs Farm, Inc.

12. In fact, however, Debtor has owned at least a one-half interest in this corporation and its farming operation.

13. The original and amended Schedules and Statement of Affairs contain false oaths made knowingly and fraudulently with respect to the farming operation owned and conducted by Jacobs Farm, Inc., and the debtor's ownership interest in Jacobs Farm, Inc.

Whereupon the discharge of the Debtor should be denied.

COUNT THREE
(11 U.S.C. Sec.727(a)(4))
(False Oath)

14. Plaintiff hereby incorporates by reference all of the factual allegations contained in Counts

One and Two, supra.

15. At his meeting of creditors on October 16, 2009 in Salisbury, Debtor swore under oath that he had made no gifts or transfers within one year preceding the petition.

16. In fact, however, Debtor attempted or effected a purported change in his percentage ownership in Jacobs Farm, Inc. in or about December 2008, wherein he directed his accountant to reduce his percentage from 50% to 1%, and to increase his wife's percentage from 50% to 99%. If this change occurred, it constitutes a transfer within the year prior to the petition. If the change did not occur, Debtor owned at the time of the petition, and continues to own, a 50% interest in Jacobs Farm, Inc.

17. The Original Statement of Affairs, executed under oath, contains no disclosure of this transfer.

18. The Statement of Affairs contains false oaths made knowingly and fraudulently with respect to transfers made within two (2) years prior to the petition date.

19. After being questioned about the transfer of his stock to his wife, the Debtor amended his Statement of Affairs on December 14, 2009, to assert under penalty of perjury that on January 1, 2008, he transferred his interest in Jacobs Farm, Inc. to his wife.

20. If the transfer occurred, it occurred in December 2008, within the one-year period prior to the bankruptcy petition, and not January 2008. The Statement of Financial Affairs is knowingly false as to the date.

Whereupon the discharge of the debtor should be denied.

                          COUNT FOUR
                   (11 U.S.C. Sec.727(a)(4)),(a)(2))
            (False Oath); Transfer With Intent to Hinder Delay Defraud

21. Plaintiff hereby incorporates the factual allegations contained in Counts One through Three, supra.

22. In fact, despite claiming to have transferred pre-petition his interest in Jacobs Farm, Inc. to his wife, Debtor in fact continued to have an interest in said corporation and/or its farming operations.

23. The purported transfer that occurred in 2008 of Debtor's interest in Jacobs Farm, Inc. to his wife was a sham. In fact, no effective transfer was intended.

24. To the extent the transfer occurred, it was intended to hinder, delay, and defraud creditors, and occurred within the year before filing the bankruptcy petition.

25. To the extent the transfer was a sham, the Debtor's answer to Question 10, Amended

Statement of Financial Affairs is knowingly and fraudulently false, made under penalty of perjury.

26. Because no transfer of his interest actually occurred, Debtor's statement under oath at his meeting of creditors on October 16, 2009, that he had no interest in Jacobs Farm, Inc. was knowingly and fraudulently false.

Whereupon, the discharge of the Debtor should be denied.

### COUNT FIVE
### (11 U.S.C. Sec.727(a)(4))
### (False Oath)

27. Plaintiff hereby incorporates the factual allegations contained in Count One, supra.

28. Prior to the petition, Debtor incorporated an entity known as 13135 Bishopville LLC.

29. The Debtor's Original and Amended Schedules fail to disclose ownership of an interest in 13135 Bishopville LLC.

30. The Schedules knowingly and fraudulently and contain one or more false oaths, respecting ownership of interests in incorporated or unincorporated entities.

Whereupon, the discharge of the debtor should be denied.

                                        W.CLARKSON MCDOW, JR.
                                        UNITED STATES TRUSTEE
                                        REGION FOUR

Date: July 27, 2010               By:/s/Edmund A. Goldberg
                                     Attorney for U.S.Trustee, bar no. 08943
                                     101 W. Lombard Street-Suite 2625
                                     Baltimore, MD 21201
                                     (410) 962-4300